An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

SASHA A. CRAMER, AN INDIVIDUAL; AND JOSHUA MCVEIGH, AN INDIVIDUAL,
Appellants,
vs.
BANK OF AMERICA, A NATIONAL BANKING ASSOCIATION; AND HSBC BANK USA, NA, AS TRUSTEE FOR HOLDERS OF DEUTSCHE ALT-A SECURITIES, INC. MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR2.
Respondents.

No. 66132

FILED

JUL 31 2015



## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a real property and tort action. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellants contend that the district court failed to accept the complaint's factual allegations as true. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (recognizing that dismissal under NRCP 12(b)(5) is proper only if the complaint's factual allegations, when recognized as true, do not satisfy the elements of the causes of action being asserted). In particular, appellants contend that their complaint alleged that the adjustable rate rider attached to their validly executed deed of trust was forged. From this allegation, appellants further alleged that the deed of trust was rendered void by virtue of the allegedly forged rider being attached to it. This "allegation," however, is a legal conclusion that the district court was not required to accept as true, *see Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th

Cir. 2004) (recognizing that a court is not required "to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged" (internal quotation omitted)), particularly because appellants cited to no authority to support the propriety of that legal conclusion, *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

Thus, the district court properly recognized the validity of the deed of trust in ruling on respondents' NRCP 12(b)(5) motions. In this regard, dismissal of appellants' slander of title claim was proper because appellants did not allege a false statement regarding the title to their property. *See Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 114 Nev. 823, 842, 963 P.2d 465, 478 (1998) ("Slander of title involves false and malicious communications, disparaging to one's title in land, and causing special damage." (internal quotation omitted)). Specifically, appellants' allegation that the recorded assignment contained false information about the title to their property was contradicted by the acknowledgement in their complaint that they executed the deed of trust that was referenced in the assignment. *See Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1115 (9th Cir. 2014) (observing that factual allegations in a complaint that are contradicted by documents attached to the complaint need not be accepted as true). Thus, the assignment's reference to the

deed of trust did not convey false information about the title to appellants' property.[1]

Appellants' quiet title claim was properly dismissed for similar reasons. In particular, the complaint's allegation that HSBC Bank does not hold a security interest in the subject property is contradicted by the acknowledgment in appellants' complaint that they executed the recorded deed of trust that was subsequently assigned (along with the promissory note expressly referenced in the deed of trust as the one "signed by" appellants) to HSBC Bank.[2] *See Gonzalez*, 759 F.3d at 1115. Thus, appellants failed to allege facts sufficient to warrant a judicial determination that their property should be declared unencumbered by the deed of trust.

As for appellants' breach of contract claim against Bank of America, the district court correctly found that the only "contract" identified in the complaint was appellants' home loan, and it was

---

[1]Nor are we persuaded by appellants' suggestion that the assignment's reference to an incorrect loan identification number or an incorrect interest rate somehow conveyed information about the title to appellants' property, false or otherwise.

[2]While appellants suggest that the district court's characterization of HSBC Bank as the "note holder" conflicts with this court's discussion of "holder in due course" status in *Schettler v. RalRon Capital Corp.*, 128 Nev., Adv. Op. 20, 275 P.3d 933 (2012), this court has never held that one must be a holder in due course to enforce a note. *See Leyva v. Nat'l Default Servicing Corp.*, 127 Nev., Adv. Op. 40, 255 P.3d 1275, 1280-81 (2011) (recognizing that a note holder or a transferee may be entitled to enforce a note); *see also Edelstein v. Bank of N.Y. Mellon*, 128 Nev., Adv. Op. 48, 286 P.3d 249, 260-61 (2012) (concluding that MERS, in addition to having the authority to assign a deed of trust, has the authority to transfer the corresponding note).

undisputed that Bank of America was neither the originator nor an assignee of that loan.[3] *See Clark Cnty. v. Bonanza No. 1,* 96 Nev. 643, 648-49, 615 P.2d 939, 943 (1980) ("As a general rule, none is liable upon a contract except those who are parties to it."); *see also Gonzalez,* 759 F.3d at 1115. Thus, to the extent that appellants sought to hold Bank of America liable on a contract to which Bank of America was not a party, appellants cited to no authority suggesting that this was a legally cognizable claim for relief.[4] *Bonanza No. 1,* 96 Nev. at 648-49, 615 P.2d at 943; *see Balistreri,* 901 F.2d at 699.

As for appellants' negligent misrepresentation claim, their complaint failed to allege that they relied on information provided by Bank of America and that this reliance caused them pecuniary loss in a business transaction. *See Barmettler v. Reno Air, Inc.,* 114 Nev. 441, 449, 956 P.2d 1382, 1387 (1998) (recognizing that one element of a negligent misrepresentation claim is that the plaintiff must rely on the misrepresentation in engaging in a "business or commercial transaction").[5]

---

[3]Appellants' suggestion that the assignment constituted a contract between themselves and Bank of America is without merit.

[4]Appellants' reliance on *Lanini v. JPMorgan Chase Bank,* No. 2:13-CV-00027 KJM EFB, 2014 WL 1347365, at *5 (E.D. Cal. April 4, 2014), and *Deschaine v. IndyMac Mortg. Servs.,* No. CIV. 2:13-1991 WBS CKD, 2014 WL 281112, at *6 (E.D. Cal. Jan. 23, 2014) is misplaced, as those cases did not address the specific issue of whether a loan servicer could be considered a party to a loan agreement between a lender and a borrower.

[5]In this regard, appellants' only allegation of reliance is that they paid the allegedly higher-than-agreed-upon monthly mortgage statements. Whether or not this constitutes "reliance," appellants' monthly mortgage payments were not business transactions. *See Barmettler,* 114 Nev. at 449, 956 P.2d at 1387 (affirming summary judgment when the plaintiff's

*continued on next page...*

As for appellants' declaratory relief claim, appellants failed to allege (beyond their causes of action previously addressed) the existence of any dispute between the parties warranting judicial resolution. Thus, the district court properly dismissed that claim.[6] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.          _____, J.
Gibbons                              Pickering

cc:   Hon. Michael Villani, District Judge
      Stephen E. Haberfeld, Settlement Judge
      Feldman Graf
      Gerrard Cox & Larsen
      Akerman LLP/Las Vegas
      Eighth District Court Clerk

---

*...continued*
negligent misrepresentation claim "d[id] not fit squarely within a business or commercial transaction").

[6]If appellants were simply seeking a declaration as to which note and rider governed the terms of their loan, then the declaratory relief claim may have been improperly dismissed. But because appellants were seeking a declaration that their property was altogether unencumbered by the deed of trust and that they owed no money under either promissory note, we agree with the district court's dismissal of the declaratory relief claim.