**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS SMITH, | No. 14-17474 |
| Plaintiff - Appellant, | D.C. No. 1:14-cv-00429-MJS |
| v. | |
| LARRY DILEO, Doctor at Kern Valley State Prison; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Michael J. Seng, Magistrate Judge, Presiding[**]

Submitted November 18, 2015[***]

Before:   TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

California state prisoner Carlos Smith appeals pro se from the district court's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      Smith consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Smith's action because Smith failed to allege facts sufficient to show that defendants were deliberately indifferent to his Hepatitis C infection and severe pain. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; neither a difference of opinion concerning the course of treatment nor negligence in diagnosing or treating a medical condition amounts to deliberate indifference).

The district court did not abuse its discretion by denying Smith leave to amend his second amended complaint after providing him with two opportunities to amend and concluding that further amendment would be futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of

review and explaining that "[a] district court acts within its discretion to deny leave to amend when amendment would be futile"); *see also Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("[T]he district court's discretion in denying amendment is particularly broad when it has previously given leave to amend." (citation and internal quotation marks omitted)).

**AFFIRMED.**