MEMORANDUM **
ACP, Inc. (“ACP”) challenges the district court’s dismissal of its complaint against Gordon Howard Associates, Inc. (“Gordon Howard”) and Skypatrol, LLC (“Skypatrol”). ACP contends that the district court erred in holding that ACP failed to sufficiently allege that Gordon Howard and Skypatrol entered into a unilateral contract requiring reimbursement for ACP’s investigation of a potential investment. ACP also maintains that the district court abused its discretion in denying leave to amend so that ACP could allege additional facts in support of its breach of unilateral contract claim and a promissory estoppel claim.
I. The Unilateral Contract
Under California law, a promisor may not seek enforcement of a unilateral contract. See Faigin v. Signature Grp. Holdings, Inc., 211 Cal.App.4th 726, 150 Cal. Rptr.3d 123, 135 (2012) (articulating that “[a] unilateral contract is .one in which there is only one promisor. Any act or forbearance by the promisee may constitute consideration for the promise and an acceptance of the offer” (citation omitted)); see also Asmus v. Pac. Bell, 23 Cal.4th 1, 96 Cal.Rptr.2d 179, 999 P.2d 71, 75 (2000) (observing that “[i]n a unilateral contract, there is only one promisor, who is under an enforceable legal duty. The promise is given in consideration of the promisee’s act or forbearance” (citation omitted)). The district court correctly held that ACP was the promisor under the letter agreement because ACP, using its own letterhead, conveyed an offer to Gordon Howard and Skypatrol concerning a potential acquisition. ACP’s performance of the agreement did not create a binding unilateral contract. See Faigin, 150 Cal.Rptr.3d at 135. Thus, the district court properly dismissed ACP’s contract claim.
The district court did not engage in impermissible fact-finding in dismissing ACP’s complaint. The district court took judicial notice of the letter agreement relied on in the complaint and correctly concluded that ACP was the promisor after considering the terms of the agreement. See Gonzalez v. Planned Parenthood of Los Angeles, 759 F.3d 1112, 1115 (9th Cir. 2014) (explaining that “[although we normally treat all of a plaintiffs factual allegations in a complaint as true, we need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit” (citations, alteration, and internal quotation marks omitted)). Any leave to amend this claim would have been futile.
II. Dismissal Without Leave to Amend
ACP also sought leave to amend its complaint to add a claim for promissory estop-pel. The district court denied ACP’s motion to amend its complaint; the majority reverses that ruling. Given the liberal rules of amendment endorsed by the Supreme Court and this circuit, see Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir.2003) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 *495 S.Ct. 227, 9 L.Ed.2d 222 (1962)), ACP should have been afforded that opportunity
To state a claim for promissory estoppel, a plaintiff must show: “(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance.” Aceves v. U.S. Bank, N.A., 192 Cal.App.4th 218, 120 Cal.Rptr.3d 507, 514 (2011) (internal quotation marks omitted) (quoting Advanced Choices, Inc. v. State Dep’t of Health Servs., 182 Cal.App.4th 1661, 107 Cal.Rptr.Sd 470, 479 (2010)). Indeed, the unamended complaint already comes close to pleading the necessary elements.
ACP’s complaint sufficiently alleged a “clear and unambiguous” promise and that ACP was injured by its reliance on that promise by incurring expenses pursuing the transaction. The missing elements— reasonableness and foreseeable reliance— in fact are alluded to in the original complaint, which alleges that the promise to reimburse served as an “inducement to ACP’s investigation of the potential transaction.” To the extent these elements are not inherently obvious, there is no reason they cannot be added in an amended pleading, and such a claim would not have been futile. For these reasons, leave to amend should not have been denied.
The judgment of the district court is affirmed as to dismissal of the unilateral contract claim and reversed with respect to the denial of leave to amend to add a promissory estoppel claim. On remand, ACP should be permitted to amend its pleadings with respect to promissory es-toppel.
Each party shall bear its own costs on appeal.
AFFIRMED in part, REVERSED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.