**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARY HELEN BERNSTEIN,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>APOLLO GROUP, INC.; et al.,<br><br>　　　　Defendants - Appellees. | No. 14-16684<br><br>D.C. No. 5:13-cv-01701-LHK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted June 14, 2016[**]

Before:　　BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Mary Helen Bernstein appeals pro se from the district court's judgment dismissing her diversity action alleging various claims in connection with her enrollment in higher education degree programs. We have jurisdiction under 28

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, we deny Bernstein's requests for oral argument.

U.S.C. § 1291. We affirm.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim[.]"). Accordingly, we do not consider whether the district court properly dismissed Bernstein's second amended complaint.

The district court did not abuse its discretion by denying Bernstein leave to file a third amended complaint. *See Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1114, 1116 (9th Cir. 2014) (setting forth standard of review and explaining that "the district court's discretion in denying amendment is particularly broad when it has previously given leave to amend" (citation and internal quotation marks omitted)). In Bernstein's opposition to defendants' motion to dismiss her second amended complaint, she did not seek leave to amend, and she neither filed a motion for leave to file a third amended complaint nor provided the district court a proposed third amended complaint. *See* N.D. Cal. R. 10-1 (any party moving to file an amended pleading must reproduce the entire proposed pleading).

We reject as without merit Bernstein's contentions that the district court was

biased against her or engaged in judicial misconduct. *See United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (explaining that under both 28 U.S.C. § 144 and 28 U.S.C. § 455, the substantive standard for recusal is whether "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned" (citation and internal quotation marks omitted)); *see also United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) ("[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support recusal.").

All pending motions and requests are denied.

**AFFIRMED.**