**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS REYNALDO JOHNSON, AKA Luis R. Johnson, | No. 18-15078 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00253-JAM-AC |
| v. | MEMORANDUM* |
| JOE A. LIZARRAGA, Warden; CYNTHIA FRITZ, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted April 17, 2019**

Before: McKEOWN, BYBEE, and OWENS, Circuit Judges.

California state prisoner Luis Reynaldo Johnson, AKA Luis R. Johnson,

appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983

action alleging federal claims in connection with his parole hearing. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

To the extent that Johnson's claims challenged prior parole suitability decisions or would otherwise necessarily demonstrate the invalidity of the duration of his confinement, the district court properly concluded that the claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement." (citation and internal quotation marks omitted)).

To the extent that Johnson's claims challenged parole procedures, dismissal was proper because Johnson failed to allege facts sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (in parole context, due process requires only that a prisoner be provided with an opportunity to be heard and a

statement of the reasons why parole was denied); *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014) (the court need not accept as true allegations contradicted by documents referred to in the complaint).

The district court did not abuse its discretion by denying Johnson leave to amend because amendment would have been futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review and explaining that leave to amend may be denied if amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**