**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| P. VICTOR GONZALEZ, Qui Tam Plaintiff, on behalf of the United States and State of California, *Plaintiff-Appellant*,<br><br>v.<br><br>PLANNED PARENTHOOD OF LOS ANGELES; PLANNED PARENTHOOD SHASTA-DIABLO, AKA Seal B; PLANNED PARENTHOOD GOLDEN GATE; PLANNED PARENTHOOD MAR MONTE, AKA Seal D; PLANNED PARENTHOOD RIVERSIDE AND SAN DIEGO COUNTIES, INC., AKA Seal E; PLANNED PARENTHOOD ORANGE AND SAN BERNARDINO COUNTIES, INC., AKA Seal F; PLANNED PARENTHOOD PASADENA AND SAN GABRIEL VALLEY, INC., AKA Seal G; PLANNED PARENTHOOD SANTA BARBARA, VENTURA AND SAN LUIS OBISPO COUNTIES, INC., AKA Seal H; PLANNED PARENTHOOD SIX RIVERS, AKA Seal I; PLANNED PARENTHOOD AFFILIATES OF CALIFORNIA, AKA Seal J; MARY JANE WAGLE, AKA Seal K; MARTHA SWILLER, AKA Seal L; | No. 12-56352<br><br>D.C. No. 2:05-cv-08818-AHM-FMO<br><br><br>OPINION |

KATHY KNEER, AKA Seal M,
            *Defendants-Appellees*.

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Argued and Submitted
June 5, 2014—Pasadena, California

Filed July 22, 2014

Before: Ronald M. Gould and N. Randy Smith, Circuit
Judges, and Morrison C. England, Jr., Chief District Judge.[*]

Opinion by Judge Gould

---

[*] The Honorable Morrison C. England, Jr., Chief District Judge for the U.S. District Court for the Eastern District of California, sitting by designation.

## SUMMARY**

### False Claims Act

The panel affirmed the district court's dismissal of a complaint alleging that, in violation of the False Claims Act and the California False Claims Act, Planned Parenthood of Los Angeles knowingly and falsely overbilled state and federal governments for contraceptives supplied to low-income individuals.

The district court dismissed the FCA claims for failure sufficiently to plead falsity under Federal Rule of Civil Procedure 9(b). The panel affirmed on the alternate ground that the plaintiff's third amended complaint did not state a plausible claim that Planned Parenthood knowingly made false claims, with the statutory scienter, as required by Fed. R. Civ. P. 8(a). The panel concluded that the plaintiff's assertion that Planned Parenthood knowingly submitted false claims for reimbursement was compellingly contradicted by a series of letters he attached to the complaint. The panel held that the district court did not abuse its discretion in denying the plaintiff further leave to amend his complaint.

The panel held that the state law claims were barred by the three-year statute of limitations.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Walter M. Weber (argued), Jay Alan Sekulow, Stuart J. Roth & Tiffany N. Barrans, American Center for Law & Justice, Washington, D.C.; Jack M. Schuler & Sam D. Ekizian, Schuler, Brown & Ekizian, Van Nuys, California; Edward L. White III, American Center for Law & Justice, Ann Arbor, Michigan, for Plaintiff-Appellant.

Matthew Donald Umhofer (argued) & Amy M. Hinkley, Spertus, Landes & Umhofer LLP, Los Angeles, California, for Defendants-Appellees.

## OPINION

GOULD, Circuit Judge:

P. Victor Gonzalez, a former Chief Financial Officer of Planned Parenthood of Los Angeles, appeals from the dismissal of his *qui tam* action against Planned Parenthood, et al., ("Planned Parenthood") asserting claims under the False Claims Act ("FCA") and the California False Claims Act ("CFCA"). Gonzalez alleges that Planned Parenthood knowingly and falsely overbilled state and federal governments for contraceptives supplied to low-income individuals. The district court dismissed Gonzalez's claims under the FCA in his third amended complaint for a failure to sufficiently plead falsity and concluded that his state law claims were time-barred by the statute of limitations. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**I**

Planned Parenthood is a participant in the Family Planning, Access, Care and Treatment program ("Family PACT"), which reimburses Planned Parenthood for contraceptives that Planned Parenthood gives to low-income individuals. Family PACT is a program within California's Medicaid program ("Medi-Cal") providing family planning drugs and services to individuals under the poverty line. Family PACT has been jointly funded by the federal and state governments since 1999. Before then it was entirely funded by the State of California.

To participate in Family PACT, each California branch of Planned Parenthood signed a Provider Agreement, in which they agreed to "comply with all federal laws and regulations governing and regulating providers." The Provider Agreement also binds participants to "comply with all of the billing and claims requirements set forth in the Welfare and Institutions Code." The term "at cost" for billing is found only in the Family PACT billing manual, not in the Welfare and Institutions Code.

Because Planned Parenthood has agreements in place with manufacturers, it buys contraceptives at a discounted rate. From 1997 to 2004, when Planned Parenthood billed Family PACT and Medi-Cal for contraceptives given to low-income individuals, it quoted its "usual and customary rates" for reimbursement rather than its acquisition costs. The "usual and customary rates" represented what Planned Parenthood would charge an average patient for contraceptives, a price lower than the market cost to an individual, but higher than Planned Parenthood's acquisition cost for those contraceptives.

On May 5, 1997, the California Department of Healthcare Services ("CDHS") began exchanging letters with Planned Parenthood's executive director and later president, Kathy Kneer, telling her that claims made to Family PACT and Medi-Cal should be made "at cost." This letter exchange continued, and Kneer sent a letter dated January 14, 1998, responding to CDHS by stating that Planned Parenthood "clinics are billing" at the "usual and customary rate," not at acquisition costs. There was no response from CDHS after that letter, no advice to the contrary or objection. Planned Parenthood kept billing at its "usual and customary rates" until 2004, when CDHS conducted an audit of Planned Parenthood and found that Planned Parenthood had not complied with the billing practices outlined in the Family PACT manual. According to the audit, Planned Parenthood's noncompliance with the billing manual resulted in overcharges of $5,213,645.92 during the audit period. On November 19, 2004, the same day as the audit's release, CDHS sent a letter to Planned Parenthood stating that "no specific definition of 'at cost' is contained in [the billing manual]" and that "[i]n researching [the at cost] issue DHS has became [sic] concerned that, with regard to the definition of 'at cost,' conflicting, unclear, or ambiguous misrepresentations have been made to providers." For these reasons, CDHS did not seek reimbursement from Planned Parenthood.

Gonzalez was hired on December 9, 2002 as the CFO of Planned Parenthood of Los Angeles. He participated in early stages of the audit, but was fired on March 9, 2004. *Id*. On November 18, 2005, almost a year after the audit concluded, Gonzalez urged the United States Attorney General to address the "fraudulent billing" practices of Planned Parenthood. Gonzalez filed a *qui tam* suit under the FCA and CFCA on

December 19, 2005. The United States declined to intervene on November 1, 2007. Gonzalez filed a series of amended complaints culminating in the third amended complaint, which the district court dismissed with prejudice. That dismissal is now appealed.

## II

We review *de novo* a district court's dismissal of a complaint under Rule 9(b), *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 996 (9th Cir. 2010), as well as the district court's dismissal of a claim based on a statute of limitations, *Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1005 (9th Cir. 2011). We review the district court's denial of leave to amend a complaint for abuse of discretion. *Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010).

## III

When Gonzalez filed his complaint, the FCA imposed liability on a person or organization who "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1) (amended 2009). Gonzalez contends that the district court erred in dismissing his third amended complaint with prejudice under the FCA for a failure to adequately plead falsity under Federal Rule of Civil Procedure 9(b).

We affirm the district court on the alternate ground that the complaint did not state plausible claims for relief.[1] We

---

[1] We may affirm the district court on any basis supported by the record. *United States v. Gonzalez-Rincon*, 36 F.3d 859, 866 (9th Cir. 1994).

apply the plausibility requirement described in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to FCA claims. *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054–55 (9th Cir. 2011). We need not reach the issue of whether Planned Parenthood made false claims because, even assuming that the third amended complaint sufficiently alleges falsity, it did not satisfy Federal Rule of Civil Procedure 8(a), which here requires a plausible claim that Planned Parenthood knowingly made false claims, with the statutory scienter. The FCA specifically takes aim at knowing falsity, not at negligent misrepresentation. *See United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1267 (9th Cir. 1996) ("Innocent mistakes, mere negligent representations and differences in interpretations are not false certifications under the Act."). "The statutory phrase 'known to be false' does not mean scientifically untrue; it means a lie." *Hagood v. Sonoma Cnty. Water Agency*, 81 F.3d 1465, 1478 (9th Cir. 1996) (internal quotation marks and citation omitted). Here, Gonzalez's claims failed to plausibly make this requisite allegation of "knowing" scienter in the total circumstances alleged by the third amended complaint.

Although we normally treat all of a plaintiff's factual allegations in a complaint as true, we "need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013) ("And if those documents [incorporated by reference into the complaint] conflict with allegations in the complaint, we need not accept those allegations as true."); *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004) ("Nor must we accept as true the complaint's factual allegations insofar as they contradict exhibits to the complaint or matters subject to

judicial notice."); *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (quoting *Sprewell*); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."). To survive review under Rule 8(a), the "factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014).

Here, Gonzalez did not plausibly state a claim under the FCA because his assertion that Planned Parenthood knowingly submitted false claims for reimbursement is compellingly contradicted by a series of letters he attached to his complaint. In the first exchange of letters, from 1997 to 1998, the CDHS expressed concern over Planned Parenthood's billing practices, but remained silent when Planned Parenthood explicitly described its billing practices and rationale. Then on November 19, 2004, the same day as the release of the State of California's audit of Planned Parenthood's billing practices, the State acknowledged in a letter to Planned Parenthood that "no specific definition of 'at cost' is contained in [the billing manual]" and that "[i]n researching [the at cost] issue DHS has became [sic] concerned that, with regard to the definition of 'at cost,' conflicting, unclear, or ambiguous misrepresentations have been made to providers." The State did not even pursue money owed by Planned Parenthood, let alone suggest that Planned Parenthood had made knowingly false claims.

These attachments fatally undercut Gonzalez's allegations of knowing falsity to the point where he cannot state a plausible claim under the FCA, and we affirm the district court's dismissal of his third amended complaint. Stated simply, even if bills sent by Planned Parenthood were false in portraying its costs, one cannot plausibly conclude that there was knowing falsity on the part of Planned Parenthood given the explicit statements addressing this subject made by the State of California through CDHS and the State's silence after being told what procedures Planned Parenthood was following.**[2]**

The letters attached to Gonzalez's complaint show the "obvious alternative explanation" that Planned Parenthood lacked the scienter required by the FCA. *See Twombly*, 550 U.S. at 567; *Somers v. Apple, Inc.*, 729 F.3d 953, 965 (9th Cir. 2013) (affirming dismissal of antitrust claim in part due to an obvious alternative explanation for music pricing); *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) (affirming dismissal of plaintiff's claim under Securities Act where plaintiff's allegations were "merely consistent with both their explanation and the defendants' competing explanation"); *Cafasso*, 637 F.3d at 1056. Here, Gonzalez's allegation that Planned Parenthood knowingly submitted false claims is only "merely *possible* rather than plausible," *Century Aluminum*, 729 F.3d at 1108, and he

---

**[2]** Gonzalez claims knowing falsity based only on Planned Parenthood's alleged breaches of the California Family PACT billing regulations. As such, the State of California's interpretation of those regulations is persuasive in our determination that there was no knowing falsity under the FCA. *Anton*, 91 F.3d at 1267–68 (reasoning that California's administration of the regulations surrounding the State's school funding program was determinative of FCA falsity).

cannot overcome the plausible and obvious explanation that Planned Parenthood did not knowingly submit false claims.[3]

The district court did not abuse its discretion in denying Gonzalez leave to amend his third amended complaint. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). And the district court's discretion in denying amendment is "particularly broad" when it has previously given leave to amend. *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (quoting *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002)) (internal quotation marks omitted). Because Gonzalez's own complaint attachments defeat the plausibility of his allegations, and because he had already amended his complaint several times, the district court did not abuse its discretion in denying him further leave to amend.

## IV

Finally, the district court correctly concluded that Gonzalez's claims under the CFCA were time-barred. Claims under the CFCA must be brought within "three years after the date of discovery by the official of the state or political division charged with responsibility to act in the

---

[3] Contrary to Gonzalez's assertions in the supplemental briefing, the letters distinguish this case from *United States v. Bourseau*, 531 F.3d 1159 (9th Cir. 2008) because they show that Planned Parenthood did not "fail[] to make simple inquiries" as to the proper billing methods. *Id*. at 1168 (citation omitted). Rather, Planned Parenthood actively engaged with CDHS officials, who themselves seemed to tacitly approve Planned Parenthood's billing procedures by ending the correspondence without objection after being told that Planned Parenthood was not billing at acquisition cost but at usual and customary rates.

circumstances." Cal. Gov't Code § 12654(a) (amended 2009, 2012). "Discovery" means "the discovery by the aggrieved party of the fraud *or* facts that would lead a reasonably prudent person to *suspect* fraud." *Debro v. L.A. Raiders*, 112 Cal. Rptr. 2d 329, 336 (Cal. Ct. App. 2001). Here, the correspondence between Planned Parenthood and CDHS beginning in 1997 gave information to the State that would lead a reasonably prudent person to suspect fraud if it was essential for disbursements to be billed at acquisition cost rather than at Planned Parenthood's usual and customary rates. Gonzalez did not file his complaint until 2005. His claims under the CFCA are time-barred by the three-year statute of limitations.

**AFFIRMED.**