NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 26 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MILILANI GROUP, INC.,

Plaintiff - Appellant,

v.

O'REILLY AUTOMOTIVE, INC.; CSK
AUTO, INC.,

Defendants - Appellees.

No. 13-16447

D.C. No. 2:12-cv-00891-JAM-
CKD

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted October 22, 2015**
San Francisco, California

Before: PAEZ, MURGUIA, and HURWITZ, Circuit Judges.

Mililani Group, Inc. ("Mililani") appeals from the district court's dismissal

with prejudice of its Second Amended Complaint against O'Reilly Automotive, Inc.

---

* This disposition is not appropriate for publication and is not precedent except
as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

("O'Reilly"). Mililani also challenges the district court's entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b). We affirm.

1. A district court may enter final judgment as to some, but not all, of the parties in multi-party litigation if it "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The judgment here is final as to O'Reilly because all claims against that party were dismissed with prejudice. The district court's determination that the claims against the remaining party, O'Reilly subsidiary CSK Auto, Inc. ("CSK"), were separable from the dismissed claims against O'Reilly was not "clearly unreasonable." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006). The court therefore did not abuse its discretion in entering a final judgment.

2. Mililani's claims against O'Reilly relied on the theory that CSK was the alter ego of O'Reilly. Under California law, alter ego liability can be imposed only if there was both a "unity of interest" between O'Reilly and CSK and if not holding O'Reilly liable would be an "inequitable result." *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538 (Ct. App. 2000). Mililani did not allege facts satisfying the second requirement. Other than a conclusory allegation, no factual assertions in the Second Amended Complaint indicate that limiting Mililani to recovery from CSK will lead to an inequitable result.

**3.** Although Mililani did not seek leave to amend its Second Amended Complaint in response to O'Reilly's motion to dismiss for failure to state a claim, it argues for the first time on appeal that the district court should have nonetheless granted such leave. But "[w]here a party does not ask the district court for leave to amend, the request on appeal to remand with instructions to permit amendment comes too late." *Alaska v. United States*, 201 F.3d 1154, 1163–64 (9th Cir. 2000) (internal quotation marks and alterations omitted). Moreover, notwithstanding the directive in Federal Rule of Civil Procedure 15(a)(2) to "freely give leave when justice so requires," a district court's discretion to deny leave to amend is "particularly broad when it has previously given leave to amend." *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) (internal quotation marks omitted). Mililani failed to state a claim against O'Reilly in three pleadings, even after the district court identified the deficiencies in the First Amended Complaint and granted leave to amend to allow Mililani to remedy them. The district court did not abuse its discretion in declining *sua sponte* to grant leave to amend the Second Amended Complaint.

**AFFIRMED.**