NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RALPH VASSALLO, Relator; et al.,

Plaintiffs-Appellants,

v.

RURAL/METRO OPERATING
COMPANY LLC; RURAL/METRO
(DELAWARE) CORPORATION,

Defendants-Appellees,

v.

UNITED STATES OF AMERICA,

Movant.

No.    19-15225

D.C. No. 2:15-cv-00119-SRB

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted March 4, 2020
Phoenix, Arizona

Before:  HAWKINS, CLIFTON, and OWENS, Circuit Judges.

Relators Ralph Vassallo and Laura Spahn appeal from the district court's

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

summary judgment in favor of Defendants-Appellants Rural/Metro Operating

Company LLC and Rural/Metro Corporation in this *qui tam* action under the False

Claims Act (FCA). We have jurisdiction under 28 U.S.C. § 1291. As the parties

are familiar with the facts, we do not recount them here. We affirm.

We review de novo the district court's interpretation of the FCA as well as

its grant of summary judgment. *See United States v. Bourseau*, 531 F.3d 1159,

1164 (9th Cir. 2008); *U.S. ex rel. Aflatooni v. Kitsap Physicians Serv*., 314 F.3d

995, 1000 (9th Cir. 2002). The elements of FCA liability are: "(1) a false

statement or fraudulent course of conduct, (2) made with scienter, (3) that was

material, causing (4) the government to pay out money or forfeit moneys due."

*U.S. ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006).

Relators argue: (1) that the district court articulated the wrong standard for

scienter under the FCA, and (2) that there was sufficient evidence of scienter to

defeat summary judgment. To satisfy the scienter requirement, Relators must

show that Rural/Metro acted "knowingly" when it submitted false claims or made

false statements. *See* 31 U.S.C. § 3729(a)(1). The FCA provides three alternative

standards for "knowing" and "knowingly": (1) "actual knowledge," (2) "deliberate

ignorance of the truth or falsity of the information," and (3) "reckless disregard of

the truth or falsity of the information." *Id*. § 3729(b)(1)(A).

Viewing the facts in the light most favorable to Relators, and drawing all justifiable inferences in Relators' favor, a de novo review of the record indicates that, under any standard relating to scienter, Relators have failed to demonstrate any genuine issues of material fact. *See Kitsap*, 314 F.3d at 1000. As for deliberate ignorance, the district court correctly concluded that Relators' evidence of "inexperienced coders, glitchy billing software, imperfect training practices, and even post-transition billing and coding errors" does not demonstrate that Defendants sought to avoid learning about coding issues. Nor does this evidence make out a case of reckless disregard – as the district court found, it "does little more than second-guess the wisdom" of Rural/Metro's compliance efforts. At best, Relators made out a case of negligence, which is insufficient for FCA purposes. *See, e.g.*, *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014). Accordingly, the district court's summary judgment was appropriate.

**AFFIRMED.**