NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc., <br><br>    Plaintiff-Appellant, <br><br>  v. <br><br> JOHN D. MUNDING, married individual and the community property comprised thereof; et al., <br><br>    Defendants-Appellees, <br><br>  and <br><br> AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC., an Idaho corporation, <br><br>    Defendants. | No. 19-35255 <br><br> D.C. No. 2:18-cv-00270-RMP <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted July 9, 2020**

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Seattle, Washington

Before: FERNANDEZ and NGUYEN, Circuit Judges, and BOLTON,*** District Judge.

Plaintiff-Appellant Dale L. Miesen ("Mr. Miesen") is a minority shareholder of AIA Services Corporation ("AIA Services") seeking to assert claims related to legal malpractice against Defendant-Appellee John D. Munding ("Mr. Munding") in a derivative capacity on behalf of AIA Services and in a "double derivative" capacity on behalf of AIA Services' wholly owned subsidiary, AIA Insurance, Inc. ("AIA Insurance"). The district court dismissed Mr. Miesen's claims without prejudice and denied leave to amend after concluding that (1) it lacked subject-matter jurisdiction and (2) Mr. Miesen's two demand letters were insufficient under Federal Rule of Civil Procedure 23.1. Mr. Miesen appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Although the district court erred in concluding it lacked subject-matter jurisdiction, it correctly dismissed the Amended Complaint without prejudice and without leave to amend based on the insufficiency of the Rule 23.1 demand letters.

1. Diversity jurisdiction exists where an action is between "citizens of

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

different States" and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."[1] 28 U.S.C. § 1332(a). Section 1332 requires "'complete diversity' of citizenship, meaning that 'the citizenship of each plaintiff is diverse from the citizenship of each defendant.'" *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1226 (9th Cir. 2019) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

Complete diversity exists whether AIA Services and AIA Insurance (collectively, "AIA Entities") are aligned as plaintiffs or defendants. Mr. Miesen is a citizen of Texas. Mr. Munding, his wife, and his law firm are citizens of Washington. The AIA Entities are citizens of Idaho. Mr. Munding argues that because the Amended Complaint "designated [the AIA Entities] as plaintiffs and defendants," and because both AIA Entities are Idaho citizens, diversity jurisdiction is "destroy[ed]." But subject-matter jurisdiction is not destroyed because a corporation is listed on both sides of the caption in a derivative action. *See, e.g.*, *Arduini v. Hart*, 774 F.3d 622 (9th Cir. 2014) (case proceeded in diversity where corporation named on both sides); *Rosenbloom v. Pyott*, 765 F.3d 1137 (9th Cir. 2014) (same); *Larson v. Dumke*, 900 F.2d 1363 (9th Cir. 1990) (same). Mr. Munding cites no authority requiring a district court to determine party alignment where diversity of citizenship exists regardless of alignment.

---

[1] The parties do not dispute that the amount-in-controversy requirement is met.

Because the parties are completely diverse regardless of alignment, and the amount-in-controversy requirement is undisputedly met, the district court had subject-matter jurisdiction.

2. District court determinations regarding the demand requirement for derivative actions are reviewed for abuse of discretion. *Potter v. Hughes*, 546 F.3d 1051, 1056 (9th Cir. 2008). "A district court abuses its discretion when it applies an incorrect rule of decision, or when it applies the correct rule to factual conclusions that are 'illogical, implausible, or without support in the record.'" *Stetson v. Grissom*, 821 F.3d 1157, 1163 (9th Cir. 2016) (quoting *Rodriguez v. Disner*, 688 F.3d 645, 653 (9th Cir. 2012)). Conclusions of law are reviewed de novo. *Id*.

In his Amended Complaint, Mr. Miesen included excerpts of the two demand letters he sent to the boards of the AIA Entities. The Federal Rules of Civil Procedure required Mr. Miesen to "state with particularity . . . any effort . . . to obtain the desired action from the directors" and to establish that this demand was "adequate" under applicable state law. Fed. R. Civ. P. 23.1(b); *Potter*, 546 F.3d at 1055 (citing Fed. R. Civ. P. 23.1). Applicable state law required Mr. Miesen to make a "written demand . . . upon the corporation to take suitable action." Idaho Code § 30-29-742.

The district court correctly concluded that Mr. Miesen's letters, as excerpted

in the Amended Complaint, did not make an adequate demand on the boards because it did not sufficiently describe the action he sought to have the boards take. Mr. Miesen's excerpted letters described his proposed claims in terms of "all possible claims" or similarly generic, conclusory language. The letters failed to describe with particularity the claims for relief he sought or the factual bases for those claims. Such language cannot have been expected to provide the boards with enough information to take "suitable action." Without knowing the factual bases for the claims, the boards could not determine the likelihood of the lawsuit's success and would have had difficulty weighing factors like the expenses involved in litigation or whether litigation would further the AIA Entities' general business interests. These are considerations the boards were entitled to make. *See Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 533 & n.9 (1984). The district court did not abuse its discretion by dismissing Mr. Miesen's Amended Complaint for failure to meet Rule 23.1's pleading requirements.

3. A district court's denial of leave to amend is reviewed for abuse of discretion. *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1114 (9th Cir. 2014). After a party has amended a pleading once as a matter of course, the Federal Rules of Civil Procedure permit the party to further amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

19-35255

Leave should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).

Here, amendment would have been futile. Mr. Miesen suggests that were he given leave to amend, he would "quote the entire letters or attach the letters to his amended complaint." But the omitted portions of the letters are no more specific, nor any more relevant, than the excerpts included in the Amended Complaint. Because amendment could not have cured the deficiencies of the Amended Complaint, the district court did not abuse its discretion by denying Mr. Miesen's request for leave to amend.

**AFFIRMED.**

19-35255