**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROLANDO ASPIRAS, | No. 18-16752 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00958-TLN-KJN |
| v. | |
| ADAMS & ASSOCIATES, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted February 12, 2020[**]
San Francisco, California

Before: RAWLINSON and CALLAHAN, Circuit Judges, and BOLTON,[***]
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Ronaldo Aspiras (Aspiras) appeals the district court's order dismissing his action brought under the Fair Employment and Housing Act (FEHA). We review *de novo* a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co. Ltd.*, 943 F.3d 1243, 1248 (9th Cir. 2019).

1.      The district court did not apply a heightened pleading standard to evaluate Aspiras' claims. Rather, the district court applied binding precedent to determine whether Aspiras' claims were facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (stating that the facts must "permit the court to infer more than the mere possibility of misconduct" to survive a motion to dismiss); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that the pleader must provide "enough facts to state a claim to relief that is plausible on its face").

2.      The district court properly dismissed Aspiras' discrimination claims based on age and race because Aspiras failed to sufficiently allege facts to state a plausible claim. To state a discrimination claim under the FEHA, a plaintiff must plausibly allege that he 1) "was a member of a protected class"; 2) "was performing competently"; 3) "suffered an adverse employment action"; and 4) "circumstances suggest a discriminatory motive." *Wilson v. Cable News Network,*

*Inc.*, 7 Cal. 5th 871, 885 (2019) (citation and footnote reference omitted). Aspiras'

conclusory allegations that Adams subjected him to more scrutiny and unfavorable

treatment compared to his non-minority coworkers do not suffice. *See Iqbal*, 556

U.S. at 678.

3.      The district court correctly dismissed Aspiras' claim for wrongful

termination, as a wrongful termination action is "limited to [] claims finding

support in an important public policy based on a *statutory* or *constitutional*

provision." *United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 336 (9th Cir.

2017) (applying California law) (citation omitted) (emphases in the original).

Absent an actionable discrimination claim, the wrongful termination claim must

fail. *See Davis v. Farmers Ins. Exch.*, 245 Cal. App. 4th 1302, 1323 (2016), *as

modified* ("[W]here a wrongful termination claim would not be cognizable under

the provisions of FEHA, the conduct at issue cannot offend fundamental public

policy. . . .").

4.      The district court properly dismissed the FEHA retaliation claim, as

Aspiras did not allege that he engaged in a statutorily cognizable protected activity.

 *See* Cal. Gov't Code § 12940(h) (prohibiting retaliation against a person who

opposed a forbidden practice, filed a complaint, testified, or assisted in a

proceeding under the FEHA); *see also Moore v. Regents of Univ. of California*,

248 Cal. App. 4th 216, 244 (2016) (listing the elements of a FEHA retaliation claim). Non-specific assertions of protected activities do not suffice. *See Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1046 (2005) (stating that "an employee's unarticulated belief that an employer is engaging in discrimination will not suffice to establish protected conduct for the purposes of establishing a prima facie case of retaliation").

5.      Absent an actionable claim of discrimination, Aspiras cannot maintain a claim for failure to prevent discrimination. *See Caldera v. Dep't of Corr. & Rehab.*, 25 Cal. App. 5th 31, 43-44 (2018).

6.      Finally, the district court did not abuse its discretion in declining to *sua sponte* grant leave to amend, as Aspiras failed to remedy the deficiencies in his complaint after the district court previously granted leave to amend. *See Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) (explaining that "the district court's discretion in denying amendment is particularly broad when it has previously given leave to amend") (citation and internal quotation marks omitted).

**AFFIRMED**.