NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MACCORD NGUYEN, | No. 18-16751 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:16-cv-00292-TLN-KJN |
| ADAMS & ASSOCIATES, INC., a Nevada corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted February 12, 2020**
San Francisco, California

Before: RAWLINSON and CALLAHAN, Circuit Judges, and BOLTON,***
District Judge.
Concurrence by Judge RAWLINSON

Plaintiff-Appellant Maccord Nguyen ("Nguyen") appeals the district court's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Order dismissing his claims under California's Fair Employment and Housing Act ("FEHA"), as well as his state law tort claim for intentional infliction of emotional distress ("IIED"). We review *de novo* a district court's grant of a Rule 12(b)(6) motion to dismiss. *Bain v. Cal. Teachers Ass'n*, 891 F.3d 1206, 1211 (9th Cir. 2018).

1.      The district court did not apply a heightened pleading standard to evaluate Nguyen's claims. Rather, the district court properly applied binding precedent to determine whether Nguyen's claims were facially plausible, and properly determined that they were not. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (stating that complaint must provide "enough facts to state a claim to relief that is plausible on its face").

2.      The district court properly dismissed Nguyen's claims for age, disability, race, color, and national origin discrimination. To state a discrimination claim under FEHA, a plaintiff must plausibly allege that he: (1) "was a member of a protected class"; (2) "was performing competently"; (3) "suffered an adverse employment action"; and (4) "other circumstances suggest a discriminatory motive." *Wilson v. Cable News Network, Inc.*, 444 P.3d 706, 713 (Cal. 2019); *see* Cal. Gov't Code § 12940(a). Nguyen has failed to allege facts supporting a

18-16751

reasonable inference that Defendant-Appellee Adams & Associates ("Adams") chose not to rehire him on account of his age, disability, race, color, or national origin, or that Adams treated other similarly situated persons more favorably during the hiring process. Mere recitation of an element—for example, membership in a protected class—does not suffice without some factual allegations suggesting an employer's discriminatory intent.

3. The district court properly dismissed Nguyen's failure-to-hire claim because he failed to plausibly allege that Adams had a discriminatory motive in refusing to hire him for the position sought. *See* Cal. Gov't Code § 12940(a); *Abed v. W. Dental Servs., Inc.*, 233 Cal. Rptr. 3d 242, 248–49 (Cal Ct. App. 2018) (explaining elements of failure-to-hire claim). Specifically, Nguyen failed to allege that Adams filled available Resident Advisor positions with individuals who were not members of the same protected class as him, or that Adams continued to consider comparably qualified applicants after rejecting him. *See Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 255 n.4 (2000). Nguyen only alleged that Adams failed to rehire him on account of his "protected characteristics, including his age, disability, and race," and "disparately appl[ied] company practices, procedures, and policies to justify the failure to hire members of protected groups, including [Nguyen]." Such conclusory allegations, however, do not suffice.

4. The district court properly dismissed Nguyen's retaliation claim

because he failed to plausibly allege that he engaged in any statutorily cognizable protected activity. FEHA's anti-retaliation provision prohibits retaliation against a person who has: (1) opposed any practices forbidden under FEHA; (2) filed a complaint; (3) testified; or (4) assisted in a FEHA proceeding. Cal. Gov't Code § 12940(h); *see Moore v. Regents of Univ. of Cal.*, 206 Cal. Rptr. 3d 841, 864 (Cal. Ct. App. 2016) (listing elements of FEHA retaliation claim). Nguyen only alleged that Adams retaliated against him "by refusing to hire him on account of such protected activities as being a dark-skinned Asian American of Vietnamese descent over the age of 40 diagnosed with a medical condition." Nguyen did not cite any authority indicating that these "activities" are protected under FEHA; indeed, he cannot because there is no such authority.

5. The district court properly dismissed Nguyen's failure-to-prevent-discrimination claim because he failed to allege sufficient facts stating underlying claims for age, disability, race, color, and national origin discrimination. FEHA does not provide private litigants with a stand-alone claim for failure to prevent discrimination. *See Caldera v. Dep't of Corr. & Rehab.*, 235 Cal. Rptr. 3d 262, 273 (Cal. Ct. App. 2018).

6. The district court properly dismissed Nguyen's failure-to-accommodate claim because he failed to plausibly allege that Adams had notice of his disability. *See* Cal. Gov't Code § 12940(m)(1); *Avila v. Cont'l Airlines, Inc.*,

82 Cal. Rptr. 3d 440, 453 (Cal. Ct. App. 2008) (explaining that an employer need only accommodate a *known* disability). Merely alleging that Adams was aware of and failed to accommodate his "medical condition involving [d]iabetes"—without any underlying factual allegations describing his physical limitations or Adams' notice thereof—is not enough. *See Avila*, 82 Cal. Rptr. 3d at 453.

7.     The district court properly dismissed Nguyen's claim for failure to engage in the interactive process because he failed to plausibly allege that he requested an accommodation or that Adams otherwise knew that he required one. *See* Cal. Gov't Code § 12940(n); *Alamillo v. BNSF Ry. Co.*, 869 F.3d 916, 922 (9th Cir. 2017) (explaining that employee's request for reasonable accommodation is a prerequisite for claim under § 12940(n)).

8.     The district court properly dismissed Nguyen's IIED claim because he failed to plausibly allege that Adams engaged in "extreme or outrageous conduct." *Sarver v. Chartier*, 813 F.3d 891, 907 (9th Cir. 2016) (quoting *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009)). Nguyen has alleged no other conduct on the part of Adams than a simple act of personnel management—conduct that California courts have deemed neither "extreme" nor "outrageous," but "essential to the welfare and prosperity of society." *Janken v. GM Hughes Elecs.*, 53 Cal. Rptr. 2d 741, 756 (Cal. Ct. App. 1996); *id.* ("A simple pleading of personnel management activity is insufficient to support a claim of [IIED], even if improper motivation is alleged.").

**9.** Finally, the district court did not abuse its discretion in declining to *sua sponte* grant Nguyen a second opportunity to amend his Complaint. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 2000) (citations omitted). Here, the district court correctly determined that Nguyen's Amended Complaint ("FAC") could not be so cured. In its Order granting Adams' first Motion to Dismiss, the district court provided detailed analysis of the deficiencies in Nguyen's initial Complaint. Because he failed to remedy those deficiencies in his FAC, we agree with the district court that it would be futile to now permit Nguyen a second opportunity to amend. *See, e.g.*, *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("[D]istrict court's discretion in denying amendment is particularly broad when it has previously given leave to amend.") (citation and quotation omitted).

**AFFIRMED.**



*Nguyen v. Adams & Associates, Inc.*, Case No. 18-16751
**Rawlinson, Circuit Judge, concurring**

I concur in the result.