NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GENESTHER TAYLOR,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>ADAMS & ASSOCIATES, INC.,<br><br>　　　　　Defendant-Appellee. | No.　18-16810<br><br>D.C. No.<br>2:16-cv-00311-TLN-KJN<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted February 12, 2020[**]
San Francisco, California

Before: RAWLINSON and CALLAHAN, Circuit Judges, and BOLTON,[***]
District Judge.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]　　The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Genesther Taylor (Taylor) appeals the district court's order dismissing her action brought under the Fair Employment and Housing Act (FEHA). We review *de novo* a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co. Ltd.*, 943 F.3d 1243, 1248 (9th Cir. 2019).

1.      The district court did not apply a heightened pleading standard to evaluate Taylor's claims. Rather, the district court applied binding precedent to determine whether Taylor's claims were facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (stating that the facts must "permit the court to infer more than the mere possibility of misconduct" to survive a motion to dismiss); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that the pleader must provide "enough facts to state a claim for relief that is plausible on its face.")

2.      The district court properly dismissed Taylor's discrimination claims based on race and age because Taylor failed to sufficiently allege facts to state a plausible claim. To state a discrimination claim under the FEHA, a plaintiff must plausibly allege that she 1) "was a member of a protected class"; 2) "was performing competently"; 3) "suffered an adverse employment action"; and 4) "circumstances suggest a discriminatory motive." *Wilson v. Cable News Network,*

*Inc.*, 7 Cal. 5th 871, 885 (2019) (citation and footnote reference omitted). Taylor's conclusory allegations of discrimination stemming from hostility and distrust in the workplace do not suffice. *See Iqbal*, 556 U.S. at 678.

3. The district court properly dismissed Taylor's disability claim because the amended complaint lacked plausible allegations that Defendant Adams & Associates, Inc. (Adams) had knowledge of her disabilities. *See Avila v. Cont'l Airlines, Inc.,* 165 Cal. App. 4th 1237, 1248 (2008) (stating that the plaintiff must demonstrate that the employer knew of the disability when taking the adverse employment action).

4. The district court did not err in dismissing Taylor's failure-to-hire claim because the amended complaint lacked sufficient allegations to state a plausible claim that Adams had a discriminatory motive in refusing to hire her for the position sought. *See Abed v. W. Dental Servs.*, Inc., 23 Cal. App. 5th 726, 736 (2018) (explaining the elements of a failure-to-hire claim); *see also* Cal. Gov't Code § 12940(a). Specifically, Taylor failed to allege that the individual hired instead of her was not a member of a protected group. *See Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 255 n.4 (2000).

5. The district court properly dismissed the FEHA retaliation claim, as Taylor did not allege a statutorily cognizable protected activity. *See* Cal. Gov't

Code § 12940(h) (prohibiting retaliation against a person who opposed a forbidden practice, filed a complaint, testified, or assisted in a proceeding under the FEHA); *see also Moore v. Regents of Univ. of California*, 248 Cal. App. 4th 216, 244 (2016) (listing the elements of a FEHA retaliation claim). Non-specific assertions of protected activities do not suffice. *See Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1046 (Cal. 2005) (stating that "an employee's unarticulated belief that an employer is engaging in discrimination will not suffice to establish protected conduct for the purposes of establishing a prima facie case of retaliation").

6. Absent an actionable claim of discrimination, Taylor cannot maintain a claim for failure to prevent discrimination. *See Caldera v. Dep't of Corr. & Rehab.*, 25 Cal. App. 5th 31, 43-44 (2018).

7. The district court did not err in dismissing Taylor's failure to accommodate claim because Taylor failed to plausibly allege that Adams was aware of the need to accommodate. *See* Cal. Gov't Code § 12940(m)(1); *see also Alamillo v. BNSF Ry. Co.*, 869 F.3d 916, 919, 922 (9th Cir. 2017) (concluding that no plausible accommodation claim exists if the employer made the requested accommodation); *Avila*, 165 Cal. App. 4th at 1252 (explaining that an employer need only accommodate a known disability).

4

**8.** The district court correctly dismissed Taylor's claim for failure to engage in the interactive process, as the amended complaint contained no plausible allegations that Adams was aware of any disability or medical condition, or that Taylor requested an accommodation. *See Alamillo,* 869 F.3d at 922 (clarifying that an employer must engage in the interactive process in response to a request for reasonable accommodation from an employee with a known disability); *see also* Cal. Gov't. Code § 12940(n).

**9.** Finally, the district court did not abuse its discretion in declining to *sua sponte* grant leave to amend, as Taylor failed to remedy the deficiencies in her amended complaint after the district court previously granted leave to amend. *See Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) (explaining that "the district court's discretion in denying amendment is particularly broad when it has previously given leave to amend").

**AFFIRMED**.