**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENNIS RHODES, | No.    18-16749 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:16-cv-00494-TLN-KJN |
| ADAMS & ASSOCIATES, INC., a Nevada corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted February 12, 2020**
San Francisco, California

Before:  RAWLINSON and CALLAHAN, Circuit Judges, and BOLTON,***
District Judge.

Dennis Rhodes appeals the district court's order dismissing his action

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***        The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

brought under the Fair Employment and Housing Act (FEHA). We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co. Ltd.*, 943 F.3d 1243, 1248 (9th Cir. 2019).

1.      The district court did not apply a heightened pleading standard to evaluate Rhodes' claims. Rather, the district court applied binding precedent to determine whether Rhodes' claims were facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that the pleader must provide "enough facts to state a claim to relief that is plausible on its face").

2.      The district court properly dismissed Rhodes' claims of age, race, and color discrimination because Rhodes failed to sufficiently allege facts to state a plausible claim. To state a discrimination claim under the FEHA, a plaintiff must plausibly allege that he (1) "was a member of a protected class"; (2) "was performing competently"; (3) "suffered an adverse employment action"; and (4) "circumstances suggest a discriminatory motive." *Wilson v. Cable News Network, Inc.*, 444 P.3d 706, 713 (Cal. 2019). Rhodes has failed to allege facts supporting a reasonable inference that Defendant-Appellee Adams & Associates ("Adams")

declined to rehire him on account of his age, race, or color, or that Adams treated other similarly situated persons more favorably. Mere recitation of an element—for example, membership in a protected class—does not suffice without some factual allegations suggesting an employer's discriminatory intent. *See Iqbal*, 556 U.S. at 678.

3.   The district court properly dismissed the FEHA retaliation claim, as Rhodes did not allege a statutorily cognizable protected activity. *See* Cal. Gov't Code § 12940(h) (prohibiting retaliation against a person who opposed a forbidden practice, filed a complaint, testified, or assisted in a proceeding under the FEHA); *Moore v. Regents of Univ. of California*, 206 Cal. Rptr. 3d 841, 864 (Cal. Ct. App. 2016) (listing the elements of a FEHA retaliation claim). Non-specific assertions of protected activities do not suffice. *See Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1133 (Cal. 2005) (stating that "an employee's unarticulated belief that an employer is engaging in discrimination will not suffice to establish protected conduct for the purposes of establishing a prima facie case of retaliation").

4.   The district court did not err in dismissing Rhodes' failure-to-hire claim because the complaint lacked sufficient allegations to state a plausible claim that Adams had a discriminatory motive in refusing to hire him for the position sought. *See* Cal. Gov't Code § 12940(a); *Abed v. W. Dental Servs., Inc.*, 233 Cal. Rptr. 3d 242, 248 (Cal. Ct. App. 2018) (explaining the elements of a failure-to-hire

3

claim). Specifically, Rhodes failed to allege that Adams filled the available positions with individuals who were not members of the same protected class as him, or that Adams continued to consider comparably qualified applicants after rejecting him. *See Jensen v. Wells Fargo Bank*, 102 Cal. Rptr. 2d 55, 61 n.4 (Cal. Ct. App. 2000). Rhodes only alleged that Adams failed to rehire him on account of his "protected characteristics," including his age, race, and color, and "disparately appl[ied] company practices, procedures, and policies to justify the failure to hire other members of protected groups." Such conclusory allegations do not suffice.

5. Absent an actionable claim of discrimination, Rhodes cannot maintain a claim for failure to prevent discrimination. *See Caldera v. Dep't of Corr. & Rehab.*, 235 Cal. Rptr. 3d 262, 273 (Cal. Ct. App. 2018).

6. The district court properly dismissed the claim for intentional infliction of emotional distress, as Rhodes failed to plausibly allege that Adams engaged in "extreme and outrageous conduct." *Sarver v. Chartier*, 813 F.3d 891, 907 (9th Cir. 2016). Rhodes has alleged no conduct on the part of Adams other than acts of personnel management—conduct that California courts have deemed neither "extreme" nor "outrageous," but "essential to the welfare and prosperity of society." *Janken v. GM Hughes Elecs*., 53 Cal. Rptr. 2d 741, 756 (Cal. Ct. App. 1996) ("A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper

4

motivation is alleged.").

7.      Finally, the district court did not abuse its discretion in declining to *sua sponte* grant Rhodes a second opportunity to amend his Complaint. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted). Here, the district court correctly determined that Rhodes' Amended Complaint could not be so cured. In its Order granting Adams' first Motion to Dismiss, the district court provided detailed analysis of the deficiencies in Rhodes' initial Complaint. Because he failed to remedy those deficiencies in his Amended Complaint, we agree with the district court that it would be futile to now permit Rhodes a second opportunity to amend. *See, e.g.*, *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("[A] district court's discretion in denying amendment is particularly broad when it has previously given leave to amend.") (citation and quotation omitted).

    **AFFIRMED**.