NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT LEE JENKINS, | No. 19-17416 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-05762-WHA |
| v. | |
| TED BLOOM; S. CAMPAIGNE; K. THOMPSON; D. CHAMBERLAIN, Corrections Captain; K. HOFFMAN, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted June 15, 2022[**]

Before:     SILVERMAN, WATFORD, and FORREST, Circuit Judges.

California state prisoner Robert Lee Jenkins appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging First Amendment

violations.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Jenkins's action because Jenkins failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must allege facts sufficient to state a plausible claim); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a First Amendment retaliation claim in the prison context); *see also Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014) (although the court accepts as true factual allegations in a complaint, it need not accept as true allegations that contradict matters incorporated by reference).

**AFFIRMED.**