NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

**SEP 12 2024**

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GEORGE KLEINMAN; SHERRI
KLEINMAN,

Plaintiffs-Appellants,

v.

WELLS FARGO N.A.,

Defendant-Appellee.

No.    23-16126

D.C. No.
3:22-cv-00407-LRH-CLB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted September 9, 2024[**]
San Francisco, California

Before:  BEA and MENDOZA, Circuit Judges, and M. FITZGERALD,[***] District
Judge.

Plaintiffs-Appellants George Kleinman and Sherri Kleinman ("Plaintiffs")

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Michael W. Fitzgerald, United States District Judge
for the Central District of California, sitting by designation.

appeal the district court's order granting Defendant-Appellee Wells Fargo's ("Defendant's") Motion to Dismiss. The order dismissed claims brought for (1) negligence; (2) breach of the implied covenant of good faith and fair dealing; (3) deceptive trade practices predicated on allegations of fraud and elder abuse; (4) deceptive trade practices predicated on alleged violations of the Nevada Deceptive Trade Practices Act; (5) conversion; (6) loss of property entrusted by bailment; (7) breach of the implied warranty of merchantability; and (8) breach of the implied warranty of fitness for a particular purpose.

Because the parties are familiar with the facts, we recount them only as relevant to our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the granting of a motion to dismiss under Rule 12(b)(6) *de novo*, *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012), and "[w]e review for abuse of discretion a district court's dismissal with prejudice and without leave to amend." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1141–42 (9th Cir. 2021). We affirm.

1. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Here, Plaintiffs fail to state any plausible claim for relief, and amendment of the First Amended Complaint would be futile.

2

2.      To begin, the Lease Agreement is not unconscionable.  Plaintiffs contend that the presence of fine print and one-sided terms renders the Lease Agreement unenforceable, but this is not so.  As the district court found, a review of the Lease Agreement establishes that it simply contains no fine print.  A court need not accept "conclusory allegations which are contradicted by documents in the complaint." *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1115 (9th Cir. 2014).  The limitations on liability contained in the Lease Agreement are also permissible under Nevada law.  *See, e.g., Griffin v. Old Republic Ins. Co.*, 133 P.3d 251, 256 (Nev. 2006).  Though Plaintiffs are correct that the Lease Agreement is a contract of adhesion, this is not enough, on its own, to make the Lease Agreement unenforceable.

3.      Because the Lease Agreement is enforceable, Plaintiffs' tort causes of action were rightly dismissed.  The economic loss rule prohibits recovery in tort for a relationship governed by contract.  *See Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 879 (9th Cir. 2007) (applying Nevada law).  Further, Plaintiffs waived their argument regarding conversion, and a cause of action under a bailment theory is explicitly precluded by the Lease Agreement itself.  Plaintiffs' cause of action under the implied covenant of good faith and fair dealing fails because Plaintiffs cannot establish that are in a "special relationship" with Wells Fargo.  And Plaintiffs do not—and cannot—argue that Wells Fargo has acted in

3

contradiction of the contract, as is required under contract law for a cause of action for breach of the implied covenant of good faith and fair dealing. *Marquis Aurbach Coffing, P.C. v. Dorfman*, No. 2:15-cv-00701-JCM-NJK, 2015 WL 6174346, at *3 (D. Nev. Oct. 20, 2015).

4. Plaintiffs' statutory claims also fail. Defendant's use of the term "safe deposit box" does not constitute a deceptive trade practice because the term was specifically defined in the Lease Agreement and was not an absolute guarantee of safety. The allegations that Defendant's non-disclosure of certain facts constituted deceptive trade practices are conclusory, and the allegedly undisclosed facts were immaterial. Because Plaintiffs can only bring a cause of action for consumer fraud under NRS 41.600 if their deceptive trade practices claims succeed, that claim fails as well. NRS 41.600(1). Finally, Plaintiffs cannot maintain a cause of action under NRS 41.1395(4)(b) because they cannot allege a "special relationship" between themselves and Wells Fargo.

5. Plaintiffs' causes of action for Defendant's alleged violations of the implied warranties of merchantability and fitness for a particular purpose also fall well short of plausibility. To the extent Plaintiffs allege a causal link between Plaintiffs' loss and the Defendant, it is premised on Defendant not etching "Do Not Duplicate" into the safe deposit box keys. This is, taken as true, a failure of Defendant's *services* provided to Plaintiffs, not the safe deposit box as a *good*. *See*

4

NRS 104A.2212(1) (providing that the implied warranty applies only to "goods"). Defendant also utilized no "skill or judgment" in selecting a box for the Plaintiffs. Both implied warranties are inapposite. NRS 104A.2213.

6.    Plaintiffs clearly lack standing to enforce criminal claims and have waived any argument to the contrary. *Marvik v. Washoe Cnty.*, No. 3:11-cv-00754-LRH (WGC), 2012 WL 2838700, at *4 (D. Nev. Apr. 17, 2012). Therefore, in combination with the preceding findings, the district court did not err in dismissing the First Amended Complaint for failure to state a claim.

7.    The district court did not abuse its discretion in granting the motion without leave to amend and dismissing the action with prejudice. Any amendment of Plaintiffs' claims would have been futile—the Lease Agreement must be enforced as written, and it precludes many of Plaintiffs' claims. Those it does not directly preclude—like implied warranty claims—are simply inapplicable as a matter of law. It is not as if the district court granted the motion to dismiss for failure to allege facts to establish some particular element.

**AFFIRMED.**