**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHEILA BROADNAX,

Plaintiff-Appellant,

v.

ADAMS & ASSOCIATES, INC., a
California corporation,

Defendant-Appellee.

No.    18-16745

D.C. No.
2:16-cv-00289-TLN-KJN

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted February 12, 2020
San Francisco, California

Before:  RAWLINSON and CALLAHAN, Circuit Judges, and BOLTON,** District Judge.

Sheila Broadnax  appeals the district court's order dismissing her action

brought under the Fair Employment and Housing Act (FEHA).  We review de

novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

12(b)(6). *See Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co. Ltd.*, 943 F.3d 1243, 1248 (9th Cir. 2019).

1. The district court did not apply a heightened pleading standard to evaluate Broadnax's claims. Rather, the district court applied binding precedent to determine whether Broadnax's claims were facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (stating that the complaint must provide "enough facts to state a claim to relief that is plausible on its face").

2. The district court properly dismissed Broadnax's claims for age, race, and sex discrimination because Broadnax failed to sufficiently allege facts to state a plausible claim. To state a discrimination claim under FEHA, a plaintiff must plausibly allege that she (1) "was a member of a protected class"; (2) "was performing competently"; (3) "suffered an adverse employment action"; and (4) "other circumstances suggest a discriminatory motive." *Wilson v. Cable News Network, Inc.*, 444 P.3d 706, 713 (Cal. 2019); *see* Cal. Gov't Code § 12940(a). Broadnax has failed to allege facts supporting a reasonable inference that Defendant-Appellee Adams & Associates ("Adams") terminated her employment on account of her age, race, or gender, or that Adams treated other similarly

situated persons more favorably. Mere recitation of an element—for example, membership in a protected class—does not suffice without some factual allegations suggesting an employer's discriminatory intent. *See Iqbal*, 556 U.S. at 678.

3. The district court correctly dismissed Broadnax's claim for wrongful termination, as a wrongful termination action is "limited to [] claims finding support in an important public policy based on a statutory or constitutional provision." *United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 336 (9th Cir. 2017) (applying California law). Absent an actionable discrimination claim, the wrongful termination claim must fail. *See Davis v. Farmers Ins. Exch.*, 200 Cal. Rptr. 3d 315, 332 (Cal. Ct. App. 2016) ("[W]here a wrongful termination claim would not be cognizable under the provisions of FEHA, the conduct at issue cannot offend fundamental public policy.").

4. The district court properly dismissed the FEHA retaliation claim, as Broadnax did not allege that she engaged in any statutorily cognizable protected activity. FEHA's anti-retaliation provision prohibits retaliation against a person who has: (1) opposed any practices forbidden under FEHA; (2) filed a complaint; (3) testified; or (4) assisted in a FEHA proceeding. Cal. Gov't Code § 12940(h); *see Moore v. Regents of Univ. of Cal.*, 206 Cal. Rptr. 3d 841, 864 (Cal. Ct. App. 2016) (listing elements of FEHA retaliation claim). Non-specific assertions of protected activities do not suffice. *See Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d

3

1123, 1133 (Cal. 2005) (stating that "an employee's unarticulated belief that an employer is engaging in discrimination will not suffice to establish protected conduct for the purposes of establishing a prima facie case of retaliation").

5. The district court properly dismissed Broadnax's failure-to-prevent-discrimination claim because she failed to allege sufficient facts stating underlying claims for age, race, and gender discrimination. FEHA does not provide private litigants with a stand-alone claim for failure to prevent discrimination. *See Caldera v. Dep't of Corr. & Rehab.*, 235 Cal. Rptr. 3d 262, 273 (Cal. Ct. App. 2018).

6. The district court properly dismissed the claim for intentional infliction of emotional distress, as Broadnax failed to plausibly allege that Adams engaged in "extreme and outrageous conduct." *Sarver v. Chartier*, 813 F.3d 891, 907 (9th Cir. 2016). Broadnax has alleged no conduct on the part of Adams other than acts of personnel management—conduct that California courts have deemed neither "extreme" nor "outrageous," but "essential to the welfare and prosperity of society." *Janken v. GM Hughes Elecs.*, 53 Cal. Rptr. 2d 741, 756 (Cal. Ct. App. 1996) ("A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged.").

7. Finally, the district court did not abuse its discretion in declining to

*sua sponte* grant Broadnax a second opportunity to amend her Complaint. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted). Here, the district court correctly determined that Broadnax's Amended Complaint could not be so cured. In its Order granting Adams' first Motion to Dismiss, the district court provided detailed analysis of the deficiencies in Broadnax's initial Complaint. Because she failed to remedy those deficiencies in her Amended Complaint, we agree with the district court that it would be futile to now permit Broadnax a second opportunity to amend. *See, e.g.*, *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("[A] district court's discretion in denying amendment is particularly broad when it has previously given leave to amend.") (citation and quotation omitted).

**AFFIRMED**.