**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAURICE GOENS, | No. 18-16750 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00960-TLN-KJN |
| v. | |
| ADAMS & ASSOCIATES, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted February 12, 2020
San Francisco, California

Before: RAWLINSON and CALLAHAN, Circuit Judges, and BOLTON,**
District Judge.

Maurice Goens (Goens) appeals the district court's order dismissing his

action brought under the Fair Employment and Housing Act (FEHA). We review

*de novo* a dismissal for failure to state a claim under Federal Rule of Civil

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Procedure 12(b)(6).  *See Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co. Ltd.*, 943 F.3d 1243, 1248 (9th Cir. 2019).

**1.**     The district court did not apply a heightened pleading standard to evaluate Goens' claims.  Rather, the district court applied binding precedent to determine whether  Goens' claims were facially plausible.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (stating that the facts must "permit the court to infer more than the mere possibility of misconduct" to survive a motion to dismiss); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that the pleader must provide "enough facts to state a claim for relief that is plausible on its face.")

**2.**     The district court properly dismissed  Goens' discrimination claims based on race, gender, and religion because  Goens failed to sufficiently allege facts to state a plausible claim.  To state a discrimination claim under the FEHA, a plaintiff must plausibly allege that he 1) "was a member of a protected class"; 2) "was performing competently"; 3) "suffered an adverse employment action"; and 4) "circumstances suggest a discriminatory motive."  *Wilson v. Cable News Network, Inc.*, 7 Cal. 5th 871, 885 (2019) (citation and footnote reference omitted).  Conclusory allegations that Adams terminated Goens because of his membership in a protected class do not suffice.  *See Iqbal*, 556 U.S. at 678.

**3.** The district court correctly dismissed Goens' claim for wrongful termination, as a wrongful termination action is "limited to [] claims finding support in an important public policy based on a *statutory* or *constitutional* provision." *United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 336 (9th Cir. 2017) (applying California law) (citation omitted) (emphasis in the original). Absent an actionable discrimination claim, the wrongful termination claim must fail. *See Davis v. Farmers Ins. Exch.*, 245 Cal. App. 4th 1302, 1323 (2016), *as modified* ("[W]here a wrongful termination claim would not be cognizable under the provisions of FEHA, the conduct at issue cannot offend fundamental public policy. . . .").

**4.** The district court properly dismissed the FEHA retaliation claim, as Goens did not allege a statutorily cognizable protected activity. *See* Cal. Gov't Code § 12940(h) (prohibiting retaliation against a person who opposed a forbidden practice, filed a complaint, testified, or assisted in a proceeding under the FEHA); *see also Moore v. Regents of Univ. of California*, 248 Cal. App. 4th 216, 244 (2016) (listing the elements of a FEHA retaliation claim). Non-specific assertions of protected activities do not suffice. *See Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1046 (2005) (stating that "an employee's unarticulated belief that an

employer is engaging in discrimination will not suffice to establish protected conduct for the purposes of establishing a prima facie case of retaliation").

5.      The district court properly dismissed Goens' harassment claim, as Goens failed to state a plausible allegation that "the alleged harassment was so severe that it created a hostile work environment." *Lawler v. Montblanc North America, LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013); *see also* Cal Gov't Code § 12940(j)(1).  Personnel actions "such as hiring and firing . . . do not come within the meaning of harassment." *Lawler*, 704 F.3d at 1244.

6.      Absent an actionable claim of discrimination, Goens cannot maintain a claim for failure to prevent discrimination.  *See Caldera v. Dep't of Corr. & Rehab.*, 25 Cal. App. 5th 31, 43-44 (2018).

7.      The district court properly dismissed the claim for intentional infliction of emotional distress, as Goens failed to plausibly allege that Adams engaged in "extreme and outrageous conduct." *Sarver v. Chartier*, 813 F.3d 891, 907 (9th Cir. 2016).  Hiring decisions do not fall within the class of conduct meeting this standard.  *See Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (1996).

8.      Finally, the district court did not abuse its discretion in declining to *sua sponte* grant leave to amend, as Goens failed to remedy the deficiencies in his

complaint after the district court previously granted leave to amend. *See Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) (explaining that "the district court's discretion in denying amendment is particularly broad when it has previously given leave to amend").

**AFFIRMED**.