NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLORIA FRANKLIN, | No. 18-16748 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00303-TLN-KJN |
| v. | |
| ADAMS & ASSOCIATES, INC., a Nevada corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted February 12, 2020
San Francisco, California

Before: RAWLINSON and CALLAHAN, Circuit Judges, and BOLTON,**
District Judge.
Concurrence by Judge RAWLINSON

Gloria Franklin appeals the district court's order dismissing her action

brought under the Fair Employment and Housing Act (FEHA). We review de

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co. Ltd.*, 943 F.3d 1243, 1248 (9th Cir. 2019).

1.      The district court did not apply a heightened pleading standard to evaluate Franklin's claims. Rather, the district court applied binding precedent to determine whether Franklin's claims were facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted): *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (stating that complaint must provide "enough facts to state a claim to relief that is plausible on its face").

2.      The district court properly dismissed Franklin's claims for age, disability, and race discrimination. To state a discrimination claim under the FEHA, a plaintiff must plausibly allege that she (1) "was a member of a protected class"; (2) "was performing competently"; (3) "suffered an adverse employment action"; and (4) "circumstances suggest a discriminatory motive." *Wilson v. Cable News Network, Inc.*, 444 P.3d 706, 713 (Cal. 2019). Franklin has failed to allege facts supporting a reasonable inference that Defendant-Appellee Adams & Associates ("Adams") declined to rehire her on account of her age, disability, or race, or that Adams treated other similarly situated persons more favorably. Mere

2

recitation of an element—for example, membership in a protected class—does not suffice without some factual allegations suggesting an employer's discriminatory intent. *See Iqbal*, 556 U.S. at 678

3. The district court did not err in dismissing Franklin's failure-to-hire claim because the complaint lacked sufficient allegations to state a plausible claim that Adams had a discriminatory motive in refusing to rehire her for the position sought. *See* Cal. Gov't Code § 23940(a); *Abed v. W. Dental Servs., Inc.*, 233 Cal. Rptr. 3d 242, 248 (Cal. Ct. App. 2018) (explaining the elements of a failure-to-hire claim). Specifically, Franklin failed to allege that Adams filled the available positions with individuals who were not members of the same protected class as her, or that Adams continued to consider comparably qualified applicants after rejecting her. *See Jensen v. Wells Fargo Bank*, 102 Cal. Rptr. 2d 55, 61 n.4 (Cal. Ct. App. 2000). Franklin alleged only that Adams failed to rehire her on account of her "protected characteristics," including her age, disability, and race, and the "disparate application of company practices, procedures, and policies to justify the failure to hire other members of protected groups." Such conclusory allegations do not suffice.

4. The district court properly dismissed the FEHA retaliation claim, as Franklin did not allege a statutorily cognizable protected activity. *See* Cal. Gov't Code § 12940(h) (prohibiting retaliation against a person who opposed a forbidden

3

practice, filed a complaint, testified, or assisted in a proceeding under the FEHA);

*Moore v. Regents of Univ. of Cal.*, 206 Cal. Rptr. 3d 841, 864 (Cal. Ct. App. 2016)

(listing the elements of a FEHA retaliation claim). Non-specific assertions of

protected activities do not suffice. *See Yanowitz v. L'Oreal USA, Inc.*, 3116 P.3d

1123, 1133 (Cal. 2005) (stating that "an employee's unarticulated belief that an

employer is engaging in discrimination will not suffice to establish protected

conduct for the purposes of establishing a prima facie case of retaliation").

5.      The district court did not err in dismissing Franklin's failure to

accommodate claim because Franklin failed to plausibly allege that Adams was

aware of the need to accommodate. *See* Cal. Gov't Code § 12940(m)(1); *Avila v.*

*Cont'l Airlines, Inc.*, 82 Cal. Rptr. 3d 440, 453 (Cal. Ct. App. 2008) (explaining

that an employer need only accommodate a known disability); *Alamillo v. BNSF*

*Railway Company*, 869 F.3d 919, 922 (9th Cir. 2017) (concluding that no plausible

accommodation claim exists if the employer fails to make a requested for

accommodation and there is no evidence that disability was the motivating fact in

the employer's decision).

6.      The district court correctly dismissed Franklin's claim for failure to

engage in the interactive process, as the complaint contained no plausible

allegations that Adams was aware that Franklin had a medical condition that

required accommodation or that Franklin requested an accommodation. *See* Cal.

4

Gov't. Code § 12940(n).

7.    Absent an actionable claim of discrimination, Franklin cannot maintain a claim for failure to prevent discrimination.  *See Caldera v. Dep't of Corr. & Rehab.*, 235 Cal. Rptr. 3d 262, 273 (Cal. Ct. App. 2018).

8.    The district court properly dismissed the claim for intentional infliction of emotional distress, as Franklin failed to plausibly allege that Adams engaged in "extreme and outrageous conduct."  *Sarver v. Chartier*, 813 F.3d 891, 907 (9th Cir. 2016).  Franklin has alleged no conduct on the part of Adams other than acts of personnel management—conduct that California courts have deemed neither "extreme" nor "outrageous," but "essential to the welfare and prosperity of society." *Janken v. GM Hughes Elecs*., 53 Cal. Rptr. 2d 741, 756  (Cal. Ct. App. 1996) ("A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged.").

9.    The district court did not err in dismissing Franklin's  claim for failure to provide copies of personnel files in violation of California Labor Code § 1198.5. That provision applies only to "current and former employee[s]."  Cal. Lab. Code § 1198.5.  Franklin failed to allege that she was employed by Adams.  Because the California Labor Code pertains to only current and former employees, Franklin failed to plausibly allege that Adams was obligated to provide copies of

5

her personnel files.

**10**. Finally, the district court did not abuse its discretion in declining to *sua sponte* grant Franklin a second opportunity to amend her Complaint. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted). Here, the district court correctly determined that Franklin's Amended Complaint could not be so cured. In its Order granting Adams' first Motion to Dismiss, the district court provided detailed analysis of the deficiencies in Franklin's initial Complaint. Because she failed to remedy those deficiencies in her Amended Complaint, we agree with the district court that it would be futile to now permit Franklin a second opportunity to amend. *See, e.g.*, *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("[A] district court's discretion in denying amendment is particularly broad when it has previously given leave to amend.") (citation and quotation omitted).

**AFFIRMED**.



*Franklin v. Adams & Associates, Inc.*, Case No. 18-16748
**Rawlinson, Circuit Judge, concurring**

FILED

AUG 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

I concur in the result.

1