NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AZARIA TING, | No. 18-16711 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01309-TLN-KJN |
| v. | |
| ADAMS & ASSOCIATES, INC., a Nevada corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted February 12, 2020**
San Francisco, California

Before: RAWLINSON and CALLAHAN, Circuit Judges, and BOLTON,***
District Judge.
Concurrence by Judge RAWLINSON

Plaintiff-Appellant Azaria Ting ("Ting") appeals the district court's Order

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

dismissing her claims under Title VII of the Civil Rights Act of 1964 ("Title VII")[1] and the Americans with Disabilities Act ("ADA").[2] We review *de novo* a district court's grant of a Rule 12(b)(6) motion to dismiss. *Bain v. Cal. Teachers Ass'n*, 891 F.3d 1206, 1211 (9th Cir. 2018).

1.      The district court did not apply a heightened pleading standard to evaluate Ting's claims. Rather, the district court properly applied binding precedent to determine whether Ting's claims were facially plausible, and properly determined that they were not. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (stating that complaint must provide "enough facts to state a claim to relief that is plausible on its face").

2.      The district court properly dismissed Ting's race and color discrimination claims. To state a claim for disparate treatment under Title VII, a plaintiff must plausibly allege that: (1) she was a member of a protected class; (2) she was qualified for her position; (3) she experienced an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably, or other circumstances indicate discriminatory intent.

---

[1] 42 U.S.C. § 2000(e) *et seq.*
[2] 42 U.S.C. § 12112.

*Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004); *see* 42 U.S.C. § 2000e-2. Ting's claim falters with respect to the fourth requirement. She has failed to allege facts supporting a reasonable inference that Defendant-Appellee Adams & Associates ("Adams") chose not to rehire her on account of her race or color, or that Adams treated persons of different races or colors than Ting more favorably during the hiring process. Mere recitation of an element—for example, membership in a protected class—does not suffice without some factual allegations suggesting an employer's discriminatory intent.

3.      The district court properly dismissed Ting's disability discrimination claim because she failed to plausibly allege that Adams chose not to rehire her on account of her disability. To state a claim for disability discrimination under the ADA, a plaintiff must plausibly allege that she: (1) is a disabled person within the meaning of the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job; and (3) suffered an adverse employment action because of her disability. *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 271 (9th Cir. 1996); *see* 42 U.S.C. § 12112. Ting alleged that Adams used "prior excused absences as a pretense to avoid rehiring her,"[3] but failed to allege any underlying facts supporting such an inference. Ting also

---

[3] Ting alleged that during her interview, she "disclosed that she had taken time off work in the past due to a back injury she sustained in a car accident," "to observe Ramadan," and "to mourn a death in the family."

alleged that employees with equal or less experience were hired for similar Resident Advisor positions, but failed to allege that those hired did not have disabilities. On the record before us, there is no requisite causal link between Ting's alleged disability and Adams' adverse employment action.

4. The district court properly dismissed Ting's retaliation claim because she failed to plausibly allege that she engaged in any statutorily cognizable protected activity under Title VII or the ADA. For example, the ADA's anti-retaliation provision prohibits retaliation against a person who has: (1) opposed any act or practice forbidden under the ADA; (2) filed a charge; (3) testified; or (4) assisted in any investigation, proceeding, or hearing under the ADA. *See* 42 U.S.C. § 12203(a); *see also id.* § 2000e-3(a) (listing protected activities under Title VII anti-retaliation statute). Ting only alleged that she is an African-American woman with a medical condition, and that she is a union member; she did not cite any authority indicating that either "activity" is protected under the ADA or Title VII. Indeed, she cannot because there is no such authority. Ting also argues that the district court failed to consider that she, both personally and through her union representative, complained that Adams, in an attempt to discriminate against minority employees, was not adhering to the collective bargaining agreement. But based on the allegations in her Amended Complaint ("FAC"), any such "complaints" occurred only after Adams informed Ting that she would not be

4                                                                 18-16711

rehired as a Resident Advisor. Such a timeline does not support a retaliation claim because an individual cannot be subject to retaliation for engaging in protected conduct that takes place *after* the adverse employment action. *See, e.g.*, *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004) (stating that successful ADA retaliation claim requires causal link between employee's protected activity and employer's adverse employment action).

5. The district court properly dismissed Ting's failure-to-hire claim because she failed to plausibly allege that Adams' adverse employment action was motivated by discriminatory intent. *See* 42 U.S.C. § 2000e-2(a)(1); *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005) (stating elements of failure-to-hire claim under Title VII). Specifically, Ting failed to allege that Adams filled available Resident Advisor positions with individuals who were not members of the same protected class as her, or that Adams continued to consider comparably qualified applicants after rejecting her. *Cf. Dominguez-Curry*, 424 F.3d at 1038 (highlighting employer's sexist comments as indicative of animus toward class to which plaintiff belonged and therefore tied to position sought by plaintiff). Ting only alleged that Adams failed to rehire her on account of her "protected characteristics, including her race and medical condition," and "disparately appl[ied] company practices, procedures, and policies to justify failing to hire other members of protected groups." Such conclusory allegations do not

suffice.

6.    The district court properly dismissed Ting's failure-to-accommodate claim because she failed to plausibly allege facts demonstrating that Adams had notice of her disability. *See* 42 U.S.C § 12112. Under the ADA, an employer is only required to make "reasonable accommodation to the *known* physical or mental limitations of an otherwise qualified" disabled applicant or employee. 42 U.S.C. § 12112(b)(5)(A) (emphasis added); *see, e.g.*, *U.S. E.E.O.C. v. UPS Supply Chain Sols.*, 620 F.3d 1103, 1110 (9th Cir. 2010) (stating the same). Merely alleging that Adams was aware of and failed to accommodate her "medical condition"—without offering any underlying factual allegations describing her physical limitations and Adams' notice thereof—is not enough.

7.    The district court properly dismissed Ting's claim for failure to engage in the interactive process because she failed to plausibly allege that she requested an accommodation or that Adams otherwise knew that she required one. *See* 42 U.S.C. § 12112; *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002) (stating that employer's notice of employee's need for accommodation triggers ADA duty to engage in interactive process).

8.    Finally, the district court did not abuse its discretion in declining to *sua sponte* grant Ting a second opportunity to amend her Complaint. "[A] district court should grant leave to amend even if no request to amend the

18-16711

pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 2000) (citations omitted). Here, the district court correctly determined that Ting's FAC could not be so cured. In its Order granting Adams' first Motion to Dismiss, the district court provided detailed analysis of the deficiencies in Ting's initial Complaint. Because she failed to remedy those deficiencies in her FAC, we agree with the district court that it would be futile to now permit Ting a second opportunity to amend. *See, e.g.*, *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("[D]istrict court's discretion in denying amendment is particularly broad when it has previously given leave to amend.") (citation and quotation omitted).

**AFFIRMED.**



***Ting v. Adams & Associates, Inc.*, Case No. 18-16711**
**Rawlinson, Circuit Judge, concurring**

I concur in the result.