**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT LATHAM; VIRGINIA DEUTSCH, | No.    20-16164 |
| Plaintiffs-Appellants, | D.C. No. 4:19-cv-02517-JSW |
| v. | |
| NVEST SV, INC.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted November 18, 2021[**]
San Francisco, California

Before:  PAEZ, WATFORD, and FRIEDLAND, Circuit Judges.

Plaintiffs Scott Latham and Virginia Deutsch appeal *pro se* from the district court's order dismissing their first amended complaint for lack of jurisdiction.  We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

**1.** The district court correctly determined that plaintiffs lack statutory standing to sue on their claims under federal law. Plaintiffs do not dispute that standing to sue for trademark infringement or trade secret theft is reserved for owners of the relevant intellectual property, and that NVest owned the trademarks and trade secrets in question. They instead argue that their status as shareholders made them joint owners of NVest's intellectual property. However, it is "[a] basic tenet of American corporate law" that individual shareholders do not own or have legal title to the corporation's assets. *Dole Food Co. v. Patrickson*, 538 U.S. 468, 474–75 (2003). Plaintiffs' shareholder status does not confer the ownership interest they assert, and they therefore lack standing to assert their trademark and trade secret claims. Because plaintiffs do not have statutory standing to assert their federal claims, dismissal of those claims was proper under Federal Rule of Civil Procedure 12(b)(6). The district court also did not abuse its discretion in dismissing without prejudice plaintiffs' remaining state law claims, as plaintiffs failed to establish diversity jurisdiction as to those claims.

**2.** Plaintiffs also argue that the district court abused its discretion by not granting them leave to amend their complaint so that they could add derivative trademark infringement and trade secret claims on behalf of NVest. As non-attorney *pro se* plaintiffs, however, they are unable to pursue a representative claim on behalf of a corporation. *See In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir.

1994).  Any such amendment would therefore have been futile, and the district court properly denied leave to amend.  *See Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1116 (9th Cir. 2014).  To the extent plaintiffs request additional relief, those arguments either were not raised in the district court or were not distinctly argued in the opening brief, and they are therefore not properly before us.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *see also United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) (unsupported arguments made in passing are generally deemed waived).

**AFFIRMED.**