**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW DAVID BAMFORTH, | No. 21-16681 |
| Plaintiff-Appellant, | D.C. No. 4:20-cv-09483-DMR |
| v. | |
| FACEBOOK, INC.; MARK ZUCKERBERG, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Donna M. Ryu, Magistrate Judge, Presiding

Submitted September 12, 2023[**]
San Francisco, California

Before: FERNANDEZ, KLEINFELD, and SILVERMAN, Circuit Judges.

Plaintiff Andrew Bamforth appeals pro se the district court's dismissal for

failure to state a claim in his action alleging federal trademark and various state

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

law claims.  We review the dismissal de novo,[1] and we review the applications of the equitable tolling and equitable estoppel doctrines, and the denial of leave to amend for abuse of discretion.[2]  We affirm.

The district court properly dismissed Bamforth's claims.[3]  Bamforth's promissory estoppel claim[4] and intentional interference with prospective advantage claim[5] were barred by a two-year statute of limitations, as was Bamforth's negligent infliction of emotional distress claim.[6]  A three-year statute of limitations

---

[1] *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000).

[2] *See Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1009 (9th Cir. 2011) (equitable tolling and equitable estoppel); *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (leave to amend); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).

[3] We may affirm dismissal on any ground supported by the record.  *Gingery v. City of Glendale*, 831 F.3d 1222, 1226 (9th Cir. 2016).

[4] *See* Cal. Civ. Proc. Code § 339(1); *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, 212 Cal. Rptr. 3d 216, 229 & n.5 (Ct. App. 2016), *aff'd*, 413 P.3d 650, 651 (Cal. 2018).

[5] *See* Cal. Civ. Proc. Code § 339(1); *Knoell v. Petrovich*, 90 Cal. Rptr. 2d 162, 164 (Ct. App. 1999).

[6] *See* Cal. Civ. Proc. Code § 335.1; *Chen v. L.A. Truck Ctrs., LLC*, 444 P.3d 727, 729 (Cal. 2019).

barred Bamforth's fraud claims[7] and unjust enrichment claim.[8]  Bamforth's

rescission claim,[9] California trademark claims,[10] and Unfair Competition Law

claim[11] were barred by the respective four-year statutes of limitations.

Bamforth failed to adequately allege delayed accrual of his California claims.

*See Norgart v. Upjohn Co.*, 981 P.2d 79, 88–89 (Cal. 1999); *Jolly v. Eli Lilly & Co.*,

751 P.2d 923, 927–28 (Cal. 1988).  Bamforth does not argue that his alleged

symptoms caused him to be unaware of the facts giving rise to his claims,[12] that a

reasonable investigation would not have allowed him to discover those facts,[13] or that

his incapacity prevented him from investigating the causes of his injury based on the

facts known to him.

---

[7] *See* Cal. Civ. Proc. Code § 338(d); *Vera v. REL-BC, LLC*, 281 Cal. Rptr. 3d 45, 51–52 (Ct. App. 2021).

[8] *See* Cal. Civ. Proc. Code § 338(d); *cf. FDIC v. Dintino*, 84 Cal. Rptr. 3d 38, 50 (Ct. App. 2008)*.*

[9] *See Id.* § 337(c).

[10] *See* Cal. Civ. Proc. Code § 343; *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 997 (9th Cir. 2006) (per curiam); *see also Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985, 990 n.2 (9th Cir. 2009).

[11] Cal. Bus. & Prof. Code § 17208; *Loeffler v. Target Corp.*, 324 P.3d 50, 79 (Cal. 2014).

[12] *See Norgart*, 981 P.2d at 88 n.2; *Jolly*, 751 P.2d at 929.

[13] *See Jolly*, 751 P.2d at 926–27.

21-16681

Bamforth's claims were not tolled under California Code of Civil Procedure section 352 because he failed to adequately allege incapacity that rendered him "incapable of caring for his property or transacting business or understanding the nature or effects of his acts." *Hsu v. Mt. Zion Hosp.*, 66 Cal. Rptr. 659, 664 (Ct. App. 1968); *see Pearl v. Pearl*, 177 P. 845, 846 (Cal. 1918). Assuming without deciding that federal law applies, Bamforth is not entitled to equitable tolling because his initiation of and participation in a lawsuit in 2015[14] indicates a "proven ability to advance and protect his legal interests." *Johnson*, 653 F.3d at 1010; *see also Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013). Moreover, the Appellees are not equitably estopped from asserting the statutory limitations periods because Bamforth did not allege that they misrepresented or failed to disclose "a material fact bearing on the necessity of bringing a timely suit." *Doe v. Marten*, 263 Cal. Rptr. 3d 547, 551 (Ct. App. 2020) (emphasis omitted).

The agreement between CIS Internet Ltd. (CIS) and Facebook, Inc. clearly and unambiguously released Bamforth's federal trademark claims against Appellees due to his position as director of CIS at the time he signed the agreement and his current

---

[14] This Court may take judicial notice of legal proceedings. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Appellees' motion for judicial notice of the docket of *Bamforth v. Seelhofer*, No. RIC1508333, Superior Court of California, County of Riverside is granted. The remainder of Appellees' motion is denied.

status as successor in interest. *See* Cal. Civ. Code § 1638; *La Jolla Beach & Tennis Club, Inc. v. Indus. Indem. Co.*, 884 P.2d 1048, 1053 (Cal. 1994); *see also M & G Polymers USA, LLC v. Tackett*, 574 U.S. 427, 435, 135 S. Ct. 926, 933, 190 L. Ed. 2d 809 (2015). As discussed above, Bamforth's arguments that the agreement is unenforceable are untimely. The federal trademark claims were properly dismissed.

The district court did not abuse its discretion in denying Bamforth leave to amend. We agree that any amendment of his claims would be futile. *See Novak v. United States*, 795 F.3d 1012, 1020–21 (9th Cir. 2015). The state law claims are barred by the respective statutes of limitations, and the federal trademark claims were released by the agreement between CIS and Facebook, Inc. No amendment could cure these deficiencies, and Bamforth's suggested edits are inconsistent with his operative complaint and contradict the allegations therein. *See Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1116 (9th Cir. 2014); *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–80, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009).

We decline to consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**